IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

IRIS J. COX                                                                                              PLAINTIFF

vs.                              Civil No. 4:10-cv-04037

MICHAEL J. ASTRUE                                               DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Iris Cox ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 3.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her DIB application on September 23, 2008. (Tr. 7, 68-69). In her application, Plaintiff alleged she was disabled due to anxiety and depression. (Tr. 81). Plaintiff alleged an onset date of August 21, 2008. (Tr. 81). This application was denied initially and again upon reconsideration. (Tr. 40-45).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

request was granted.  (Tr. 46).  An administrative hearing was held on August 19, 2009 in Texarkana, Arkansas.  (Tr. 18-37).  Plaintiff was present and was represented by counsel, Charles Barnette, at this hearing.  *Id.*  Plaintiff, her husband Gary Cox, and Vocational Expert ("VE") Vance Sales testified at this hearing.  *Id.*  On the date of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed high school.  (Tr. 21).

On November 2, 2009, the ALJ entered an unfavorable decision on Plaintiff's SSI application.  (Tr. 8-15).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 21, 2008, her application date.  (Tr. 10, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: anxiety disorder and depression.  (Tr. 10, Finding 3).  The ALJ also determined none of Plaintiff's impairments, singularly or in combination, met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 10, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 11-14).  First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not credible to the extent she alleged disabling limitations.  *Id*.  Second, the ALJ determined Plaintiff retained the RFC to perform the full range of work at all exertional levels with nonexertional limitations of interpersonal contact which is incidental to the work performed and tasks must be learned by rote and require limited judgment.  Further the Plaintiff would require little supervision for routine tasks but detailed supervision for non-routine tasks.  (Tr. 11).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had PRW of bookkeeper, secretary, and bank loan clerk.  (Tr. 14, Finding 5).  Based upon her RFC, the ALJ

determined Plaintiff would be unable to perform this PRW. *Id.*

The ALJ did, however, find Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 14-15, Finding 9). The ALJ based this finding upon the testimony of the VE. *Id.* Specifically, the VE testified in response to a question from the ALJ that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as a (1) maid or housekeeper with approximately 7,600 such jobs in the Arkansas economy and 400,000 in the national economy and (2) food preparation jobs with 7,000 such jobs in the Arkansas economy and 400,000 in the national economy. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from August 21, 2008 through the date of his decision. (Tr. 15, Finding 10).

Subsequent to the ALJ's decision, on November 3, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 16). *See* 20 C.F.R. § 404.968. On March 11, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On March 29, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 2, 2010. ECF No. 3. Both Parties have filed appeal briefs. ECF Nos. 6-7. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience);

(4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's unfavorable disability determination is not supported by substantial evidence in the record. ECF No. 6. Specifically, Plaintiff claims (1) the ALJ erred in determining her RFC and (2) the ALJ erred in evaluating her subjective complaints *Id.* Because the ALJ erred in determining her RFC , this Court will only address Plaintiff's first argument for reversal.

In social security cases, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to a mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50). Indeed, a GAF score

at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)).

In the present action, Plaintiff was assessed as having a GAF score of 50 during her appointments with Southwest Arkansas Counseling and Mental Health Center on August 18, 2008, September 24, 200, October 14, 2008, May 1, 2009, and July 15, 2009. (Tr. 212-219, 261, 269-270). The ALJ did not discuss these low GAF scores in his opinion other than state Plaintiff was assessed a GAF score of 50 on July 15, 2009. (Tr. 13). A GAF score of 50 reflects a serious limitation on a persons ability to perform basic life skills. *See Brueggemann v. Barnhart*, 348 F. 3d 689, 695 (8th Cir. 2003).

It was the ALJ's responsibility to evaluate those scores and make a finding regarding their reliability as a part of the underlying administrative proceeding. *See Conklin,* 360 F. App'x at 707. Indeed, it is especially important that the ALJ address low GAF scores where, as in this case, Plaintiff has been diagnosed with anxiety disorder and depression (Tr. 213, 218-219, 224). Thus, considering these facts, because the ALJ did not evaluate Plaintiff's low GAF scores, this case must be reversed and remanded for further evaluation of these scores. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis of Plaintiff's GAF scores should be performed.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED this 18th day of July, 2011.**

                                        /s/   Barry A. Bryant  
                                        HON. BARRY A. BRYANT  
                                        U.S. MAGISTRATE JUDGE